**WILLIAM W. McGAHA, ESQ.**
Nevada Bar #3234
**EVA L.D. JOHNSON, ESQ.**
Nevada Bar #10628
**SCHUETZE & McGAHA, P.C.**
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada  89106
(702) 369-3225
(702) 369–2110 Facsimile
wwm@smlvlaw.net
eldj@smlvlaw.net

**WILLIAM M. DEMLONG**
Nevada Bar #7674
**KUNZ PLITT HYLAND & DEMLONG**
3838 N. Central Avenue, Suite 1500
Phoenix, AZ 85012
(602) 331-4600
(602) 331-8600 Facsimile
wmd@kunzlegal.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RYAN J. TORRISI,<br><br>                    Plaintiff,<br><br>vs.<br><br>GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; DOES I through V inclusive; and ROES I through V, inclusive,<br><br>                    Defendants. | **CASE NO:** 12-CV-01873-JCM-GWF<br><br>**PROTECTIVE ORDER** |

Under joint motion and stipulation of the parties;

WHEREAS, the Court has determined that this action involves confidential and sensitive information, and good cause has been shown for entry of a Protective Order,

IT IS HEREBY ORDERED AS FOLLOWS:

### *I. DEFINITIONS*

1.    "Litigation" means this action Cause No. 12-CV-01873-JCM-GWF.

2.    "Party" or "Parties" means the Plaintiff Ryan Torrisi or Defendant Great American Insurance Company to the Litigation.

3.    Confidential Information" includes any document, tangible thing, material, or information which the producing Party reasonably believes not to be in the public domain and contains sensitive or confidential information, including, but not limited to underwriting materials, claim manuals and claim file materials.  "Confidential Information" also includes any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt and/or contain Confidential Information.

4.    Nothing in this Order is intended to require the disclosure of documents that are subject to an attorney-client privilege, work product privilege, or other valid objection or privilege.

## II. DESIGNATION OF OTHER CONFIDENTIAL INFORMATION

5.    Any Party to this action may, in good faith, designate information disclosed or produced by that party in the course of the Litigation as Confidential Information in the manner as set forth herein.

6.    A Party may designate any document, tangible thing or information it discloses or produces in the Litigation as Confidential Information by stamping or otherwise marking such documents, tangible things or information "Confidential."

7.    A Party may designate portions of deposition testimony, including exhibits, as Confidential Information.   Designation of deposition testimony, including exhibits, as Confidential Information shall be made by: (a) placing a statement to such effect on the record in the course of the deposition of any such deponent; or (b) notifying all other Parties in this action in writing within twenty (20) days of receipt of the transcript of the deposition as to those portions of the deposition to be designated as "Confidential."  If such designation is made during the deposition, the court reporter shall place the "Confidential" legend on each page of the transcript containing material designated as Confidential Information.  A Party shall not be allowed to merely designate an entire deposition transcript as "Confidential."  If a "Confidential" designation is made during the twenty-day (20) period after receipt of the deposition transcript, all Parties in possession of the transcript at the time of receiving the / / /

designation or thereafter shall place the "Confidential" legend at the top of each page so designated and each photocopy thereof.

8.      All or any part of a Party's responses to interrogatories, requests for admission or requests for the production of documents may be designated as "Confidential" Information.

### III.  USE OF CONFIDENTIAL INFORMATION

9.      Information designated as "Confidential" shall be used or disclosed solely in the Litigation and in accordance with this Protective Order.   Information designated as "Confidential" pursuant to the terms of this Protective Order shall not be used in any other litigation or for any other purpose without further order of this Court.

10.      Nothing in this Protective Order shall preclude any Party or its representative from discussing with any other person the progress, theories, or legal strategy in the Litigation, so long as the contents of the Confidential Information are not disclosed.  Nothing in this Protective Order shall bar or otherwise restrict any attorney for a Party in the Litigation from rendering advice to the party with respect to the litigation and, in the course thereof, relying generally upon the attorney's examination of Confidential Information produced or exchanged herein; provided, however, that no Confidential Information may be disclosed in a manner inconsistent with this Protective Order.

11.      Other than Court personnel (including court reporters) or commercial photocopying firms, access to Confidential Information shall be limited to:

(a)      A Party's directors, officers, employees, and agents in connection with prosecution, defense or supervision of Litigation;

(b)      Counsel of record for the Parties in the Litigation and employees of said counsel;

(c)      Other counsel for parties in the Litigation and their employees which are assisting in the prosecution or defense of the Litigation;

(d)      Experts, consultants (including independent experts) and investigators, including the employees of such experts, consultants or investigators, who are employed, retained or otherwise consulted by counsel or a Party for the purpose of analyzing data,

conducting studies, or providing opinions to assist, in any way, in the Litigation.  Access to Confidential Information by experts, consultants, and investigators shall be limited to Confidential Information that the experts, consultants, and investigators reasonably require in their roles as experts, consultants and investigators;

(e)     Litigation support firms retained by counsel or a Party in order to assist in the prosecution or defense of the Litigation.

(f)     Non-party deponents and any person (including that person's attorney) who a Party believes may be called to give testimony at any stage of the proceedings on matters relating to Confidential Information.

(g)     The Parties in the Litigation.

12.     Prior to providing Confidential Information to any person described in Paragraph 11 of the Protective Order (including that person's attorney), counsel for the Party providing the Confidential Information shall inform the deponent or other person of the terms of this Protective Order and the obligations to comply with those terms.  In addition, each person described above who is given access to Confidential Information shall also sign a copy of the "Consent to Terms of Protective Order," the form of which is attached to this Protective Order. The Party disclosing the Confidential Information at a deposition shall instruct the court reporter to place the "Confidential" legend on the front cover of the transcript.

13.     All persons, other than Parties, who receive Confidential Information pursuant to the terms of this Protective Order shall return all Confidential Information, including all copies of Confidential Information, to the Party producing the Confidential Information upon resolution of the Litigation.

14.     If a Party uses Confidential Information in the course of a proceeding before this Court, the Confidential Information revealed in the course of the proceeding shall not lose its confidential status through such use.

15.     Any Party may challenge the designation by another Party of any information or material as Confidential Information.  The objecting Party shall object, in writing, to the specific designations with which it takes exception.  The Parties will attempt to resolve any challenges

in good faith on an expedited and informal basis.  If the designating Party refuses the request, or if a resolution is not achieved within fourteen (14) days of service of the written notice of challenge, then the objecting Party shall file a motion with the Court challenging the designation, provided the motion is filed no later than twenty-one (21) days after the confidential materials are disclosed.  Unless and until this Court enters an order to the contrary, the information or material shall be treated as Confidential Information.

16.    Production of documents in response to discovery requests served in the Litigation, which documents relate to litigation or other matters outside the Litigation, shall not constitute a waiver of any attorney-client or work product privilege, or any claim of confidentiality that arises or has arisen in such litigation or matters.

17.    Inadvertent production of or failure to designate any information as "Confidential" shall not be deemed a waiver of the producing Party's or non-Party's claim of confidentiality as to such information.

18.    If a Party or a Party's counsel inadvertently produces "Confidential" information without designating it as such and subsequently fails to designate that document, tangible thing, or information as "Confidential," the Party or Party's counsel may designate such material as "Confidential Information" as follows:

(a)    Within thirty (30) days of the discovery of its failure to designate, the producing Party must give notice to all Parties who receive copies of the produced documents, tangible things, or information that the producing Party claims that said documents, tangible things, or information, are, in whole or in part, "Confidential" and the Party must state why the documents, tangible things or information are Confidential ; and;

(b)    Upon receipt of such notice, all Parties who have received copies of the produced documents, tangible things, or information shall promptly place the "Confidential" legend on the documents, tangible things, or information designated as "Confidential" and shall certify to the producing Party that the Confidential legend has been placed on the documents, tangible things, or information designated as "Confidential."

/ / /

1    19.    That part of a court filing made by a Party which contains "Confidential"

2  information shall be filed "under seal."

3                    **IV.  RETURN OF CONFIDENTIAL INFORMATION**

4    20.    Within sixty (60) days of the conclusion of the Litigation, each Party who has

5  produced "Confidential" information shall notify all other Parties to return to the producing

6  Party all Confidential Information in their possession or in the possession of their agents,

7  including copies thereof.

8                    **V.  SURVIVAL AND MODIFICATION ORDER**

9    21.    The provisions of this Protective Order shall survive the termination of the

10  Litigation, whether by dismissal, final judgment, resolution of any appeal or settlement, and

11  shall continue in full force and effect thereafter.  This Court will retain jurisdiction after the

12  termination of the Coverage Litigation to enforce the terms of the Protective Order.

13  DATED this  2nd   day of January, 2013.   DATED this 2nd   day of January, 2013.

14  **LAW OFFICES OF JULIE A. MERSCH**        **SCHUETZE & McGAHA, P.C.**

15

16  By /s/Julie A. Mersch, Esq.              By William W. McGaha, Esq
      **JULIE A. MERSCH, ESQ.**                 **WILLIAM W. McGAHA, ESQ.**
17    Nevada Bar #4695                          Nevada Bar #3234
      1100 E. Bridger Avenue                    601 S. Rancho Drive, Suite C-20
18    Las Vegas, Nevada 89101                   Las Vegas, Nevada 89106
      Attorneys for Plaintiff                   Attorneys for Defendant

19
                                               William M. Demlong, Esq.
20                                              Kunz Plitt Hyland & Demlong
                                               3838 North Central Avenue, Suite 1500
21                                              Phoenix, Arizona 85012

22  **IT IS SO ORDERED.**

23

24  _____
    **UNITED STATES MAGISTRATE JUDGE**

25

26  **Dated:** _____January 3, 2013_____

27

28